IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT GARZA, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 3:CV-12-1585 |
| WARDEN RONNIE R. HOLT, | : | (Judge Conaboy) |
| Respondent | : | |

---

**MEMORANDUM**
**Background**

Albert Garza, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Service of the petition was previously ordered.

Petitioner was convicted in the United States District Court for the Western District of Texas on charges of robbery, kidnaping, and murder.[1] He is presently serving a life sentence which was imposed on July 19, 1973. See Doc. 1, ¶ 4. His conviction and life sentence were affirmed in 1974 following a direct appeal to the United States Court of Appeals for the Fifth Circuit. See Garza v. United States, 498 F.2d 1066 (5th

---

[1] Petitioner committed a bank robbery during which he killed a bank patron.

1

Cir. 1974).[2]

Petitioner was subsequently convicted in the United States District Court for the Southern District of Illinois of escape and sentenced to a consecutive fifteen (15) year term of imprisonment.[3]

Garza states that he became eligible for mandatory parole after completing service of thirty (30) years of confinement (service of two thirds of his life sentence). He asserts that the United States Parole Commission (Parole Commission) acted improperly by denying him release on mandatory parole without providing him with an in person hearing. He further generally contends that the Parole Commission erred when it based its adverse decision on policies, regulations, and guidelines which were not in effect at the time he committed his underlying offense in violation of his due process rights, 18 U.S.C. § 4206(d)[4] and the Ex Post Facto Clause.

By Order dated June 18, 2013, this Court directed the Respondent to file a written status report regarding the current

---

[2] However, the Court of Appeals vacated an additional consecutive twenty-five (25) year sentence.

[3] Petitioner escaped from USP-Marion in 1979. He was recaptured after a shootout with police.

[4] § 4206(d0 provides that a prisoner is eligible for mandatory parole after completing two thirds of each consecutive term or terms or after serving 30 years of each consecutive term.

2

status of Petitioner's mandatory parole eligibility. See Doc. 11. Respondent thereafter notified the Court that Garza had been afforded an in person mandatory parole review on May 15, 2013 which resulted in an ultimate determination that he was not eligible for release. See Doc. 13. Petitioner also responded to the June 18, 2013 Order by submitting an addendum indicating that the recent denial of mandatory parole was improper because the Parole Commission continues to use the same reasons to deny him parole and misapplied § 4206. See Doc. 12, p. 2.

## **Discussion**

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

With respect to actions taken by the Parole Commission, the Court of Appeals for the Third Circuit has routinely recognized that a federal court's review of a decision issued by the Parole

3

Commission is limited to an "abuse of discretion" standard. E.g., United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996); Bridge v. United States Parole Comm'n, 981 F.2d 97, 105 (3d Cir. 1992).

**In Person Hearing**

Petitioner initial claim contends that he was denied mandatory parole without being provided with an in person hearing.

"[P]arties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). For example, once a habeas corpus petitioner is released from custody, a federal court's authority to adjudicate the controversy is called into doubt. See Burkey v. Marberry, No. 07-4782, ___ F.3d ___, 2009 WL 385419, at *3 (3d Cir. Feb. 18, 2009). This is due to the fact that federal courts can only resolve actual cases or controversies, U.S. Const., Art. III, § 2, and this limitation subsists "through all stages of federal judicial proceedings. . . ." Id. see also Steffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy)" (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing,

4

present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in Burkey in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." Burkey, 2009 WL 385419, at *3. The Supreme Court in Spencer v. Kemna, 523 U.S. 1, 7 (1998), held that release of a petitioner from custody on a parole violator term deprived federal courts of the power to act.

Significantly, the Court found that there were no "collateral consequences" remaining after expiration of the parole violator term sufficient to animate the matter with a case or controversy capable of concrete redress, explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18. See also Scott v. Schuylkill, FCI, 298 Fed. Appx. 202, 204 (3d Cir. 2008)(once a prisoner is placed on supervised release, his § 2241 petition challenging a prison disciplinary hearing which resulted in a loss of good time credit is subject to dismissal on the basis of mootness);

5

Hagwood v. Grondolsky, 2009 WL 455499 *2 (D.N.J. Feb. 19, 2009).

After the filing of this matter, Garza was afforded an in person hearing with respect to his eligibility for mandatory release on May 15, 2013. See Doc. 13-1. Accordingly, his present habeas corpus petition to the extent that it raises a claim based upon a denial of an in person hearing or seeks such relief has become moot. A finding of mootness is appropriate because Petitioner has been afforded the relief requested, i.e., an in person hearing. See Taylor v. Reilly, 2010 WL 891276 *1 (D.D.C. March 9, 2010).

**Mandatory Parole Date Calculation**

Petitioner also claims that under § 4206(d) he became eligible for mandatory parole consideration after completing service of two thirds of his life sentence (30 years).

Respondent asserts that the Bureau of Prisons (BOP) calculated the two-thirds date of Petitioner's sentence as being May 2, 2013. Specifically, the BOP concluded that Garza needed to serve 40 years, two thirds of his life sentence (30 years) plus two thirds of his escape sentence (10 years). As a result, they assert that this action is premature as it was filed prior to the date Petitioner completed two-thirds of his sentence.

Based upon this Court's reading of § 4206(d), it agrees with the BOP's computation. Regardless, since it is undisputed

that Petitioner has become eligible for mandatory parole review under either computation and has in fact been afforded mandatory parole consideration, this claim is likewise subject to dismissal on the basis of mootness.

**Ex Post Facto**

On May 15, 2013, Petitioner was provided with an in person hearing as to the issue of whether he was entitled to release on mandatory parole. The Hearing Examiner recommended that Petitioner be granted mandatory parole as of August 2, 2013 to serve a consecutive 25 year sentence imposed by the State of Illinois.[5]

However, an Executive Reviewer disagreed and recommended a denial of mandatory parole with an interim hearing to be conducted in May, 2015. By Notice dated June 7, 2013, the Parole Commission denied Garza mandatory parole and scheduled a statutory interim hearing for May, 2015.

Garza generally asserts that the Parole Commission erred when it based its adverse decision on policies, regulations, and guidelines which were not in effect at the time he committed his underlying offense in violation of the Ex Post Facto Clause. Respondent argues that the wholly conclusory Ex Post Facto claim

---

[5] Petitioner was convicted of attempted murder in Illinois state court for shooting a law enforcement officer following his escape from USP-Marion.

should be dismissed.  See Doc. 4, p. 7.

It is initially noted that since this action was filed prior to the May 15, 2013 mandatory parole review, it is unclear as to what adverse decision is being referenced by Petitioner.

Second, a new law or policy violates the Ex Post Facto Clause when it is applied to events which occurred prior to its enactment and disadvantages the offender affected by it. Weaver v. Graham, 450 U.S. 24, 29 (1981). "One function of the Ex Post Facto Clause is to bar enactments, which by retroactive operation increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249 (2000); Puifory v. Reilly, 2009 WL 839354 *5 (M.D. Pa. March 30, 2009) (retroactive application of a parole regulation which creates a significant risk of increasing the prisoner's incarceration may violate the ex post facto prohibition); Bonilla v. Vaughn, 1998 WL 480833 *7 (E.D. Pa. 1998)  (retroactive application of a change in parole laws if applied rigidly or mechanically can constitute an ex post facto violation).

However, a petitioner must show that the parole policy change was given retrospective effect and that its retrospective application created a real risk of increasing the measure of the prisoner's punishment. See Tyler v. Cain, 2006 WL 2038398 * 1 (M.D. Pa. July 19, 2006); Richardson v. Pa. Parole Board, 423

8

F.3d 282, 288 (3d Cir. 2005).

Based upon a careful review of the undisputed record, Petitioner has not set forth any facts or allegations which could establish that the denial of mandatory parole in his case was accomplished in violation of the Ex Post Facto Clause. He has not shown that any parole policy was given retroactive application and that said application created a significant risk of increasing his punishment. Simply put, there is no basis for a determination that the denial of mandatory parole to Garza was the result of reliance on a parole policy which was not in effect on the date of his offense.[6]

**Due process**

Garza's remaining contention is a vague allegation that the Parole Commission's adverse decision constituted a due process violation.

As previously mentioned, a federal district court needs only to consider whether the record provides a rational basis for the Parole Commission's ruling. Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998). It must ensure that the Parole Commission has followed appropriate criteria rational and

---

[6] However, if Petitioner can show the conduct of the Parole Commission with respect to the mandatory parole review conducted during May-June, 2013 (after the filing of this action) was in violation of the Ex Post Facto Clause, he may file a new petition.

consistent with its enabling status and that its "decisions are neither arbitrary and capricious nor based on impermissible considerations." Id. (citation omitted).

The Parole Commission is not precluded from relying on factors known to the sentencing judge when rendering a decision to deny mandatory parole. See Muhammad v. Mendez, 200 F. Supp.2d 466, 473 (M.D. Pa. 2002) (Parole Commission can use the nature of a prisoner's conviction as a basis for exceeding parole guidelines, even if the conviction was used in his sentence computation). Accordingly, the vague claim set forth in the addendum filed by Garza that the denial of mandatory parole was improper because the Parole Commission continues to use the same reasons to deny him parole lacks merit.

Furthermore, the Third Circuit has noted that, when the Parole Commission issues any written determinations, it "must reveal reasoning and not simply present conclusions, at least where the reasoning is not apparent from the facts of the case." Marshall v. Lansing, 839 F.2d 933, 943 (3d Cir. 1988) (emphasis in original); see also Greene v. United States Parole Comm'n, 749 F. Supp. 650, 654 (M.D. Pa. 1990). The court in Marshall added that "Congress has required the Commission to furnish a statement of reasons to the prisoner so that he can receive 'an understandable explanation of his parole status.'" Id. at 942

(citations omitted).

An application of the above standards to the undisputed facts of this action clearly provides that there was a rational basis for the Parole Commission's conclusion that Petitioner was not entitled to mandatory parole. It is equally apparent the Parole Commission did not abuse its discretion by considering Garza's underlying violent crime during which he shot and killed a bank official during an armed robbery and his escape from a high security federal correctional facility which included the attempted murder of a police officer, in rendering its decision.

The written decision issued by the Parole Commission clearly explained the reasons behind its conclusion that Garza was not eligible for mandatory parole. Since there was no discernible violation of Petitioner's due process rights, he petition for habeas corpus will be denied.[7] An appropriate order will enter.

> S/Richard P. Conaboy
> RICHARD P. CONABOY
> United States District Judge

DATED: DECEMBER 19, 2013

---

[7] Once again, if Petitioner can show that a due process violation (other than his claim that the Parole Commission used the same reasons which has been addressed herein) occurred during his May-June, 2013 denial of mandatory parole proceedings, he may file a new petition.